El Pueblo de Puerto Rico, demandante y apelado, *v.*
José Malavé, acusado y apelante.

Núm. 8941.—*Sometido:* Diciembre 3, 1941. *Resuelto:* Enero 23, 1942.

*Genaro Cautiño Bruno,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

El fiscal del distrito denunció ante la corte municipal de Guayama a Manuel Durán y José Malavé de haber infringido la ley núm. 47 de 1930 (pág. 367), como sigue:

"Los referidos acusados, Manuel Durán y José Malavé, y quienes son empleados de la firma Sucrs. de José González & Cía., S. en C., que es una sociedad en comandita, el primero como Jefe de Oficinas y el segundo como Mayordomo de la colonia denominada Jobos, propiedad de la firma antes mencionada, y quienes están investidos de la representación y autoridad para dar trabajo y dejar cesantes a los peones que como tales trabajan en la citada colonia Jobos, allá por el día 5 de octubre de 1940, en la citada colonia Jobos que queda dentro de la jurisdicción municipal de Guayama, P. R., y que forma parte del distrito judicial municipal de Guayama, P. R., y que a la vez forma parte del distrito judicial del mismo nombre, ile-

gal, voluntaria y maliciosamente y actuando como tales Jefe de Oficina y Mayordomo respectivamente, intimidaron, coaccionaron y amenazaron, como al efecto lo llegaron a realizar, dejando cesante en su trabajo y negándole el empleo al trabajador de la aludida colonia Jobos, nombrado Rufino Vega con el propósito de inducir a tal trabajador a que votara en las pasadas elecciones generales de Puerto Rico celebradas el día 5 de noviembre de 1940, de acuerdo con los deseos de los acusados y de sus patronos, que es la firma antes mencionada, o sea, que votara en favor de El Partido Unificación Puertorriqueña, que no es el partido a que pertenece ni pertenecía, allí y entonces, el trabajador antes nombrado, y por quien no deseaba votar en las citadas elecciones.''

En junio 17, 1941, se llamó la causa para verse de nuevo en la corte del distrito para ante la cual fué apelada, y terminada la prueba de cargo el acusado presentó una moción de *nonsuit* que fué desestimada. Se introdujo la prueba de descargo y la corte dictó sentencia absolviendo a Manuel Durán y condenando a José Malavé. Éste interpuso el presente recurso de apelación, señalando como errores los cometidos a su juicio por la corte al desestimar la moción y al dictar una sentencia contraria a los hechos, a las pruebas y a la ley. El fiscal de esta corte en su informe escrito solicitó la revocación de la sentencia por insuficiencia de la prueba.

El estudio de los autos nos convence de que la sentencia apelada debe revocarse.

La ley cuya infracción se imputó al acusado apelante ordena que:

''Cualquier oficial, empleado o agente de una corporación, firma u otra persona que esté investida de representación o autoridad para dejar cesante a cualquier trabajador, o para darle empleo, que intente por medio de coacción en cualquier forma, dejar cesante a cualquier trabajador, o disminuir su remuneración como tal trabajador, a fin de inducirle a que vote en cualquier elección legal de acuerdo con los deseos de la corporación, o del oficial o agente que la represente, o que intente en cualquier forma examinar el voto de tal trabajador, será culpable de *misdemeanor*.'' Artículo 2 de la ley núm. 47 de 1930 para proteger a los trabajadores en el uso de su derecho como votantes y para otros fines, pág. 367.

Para que el delito se entienda cometido no basta que se trate de un trabajador si que de un trabajador con capacidad legal para votar.

Resumiendo la jurisprudencia sobre la materia dice Corpus Juris:

"Una acusación cuyo propósito es imputar un delito por haberse ilegalmente impedido a un elector capacitado el ejercitar su derecho al voto, debe imputar al acusado el haber interferido, durante unas elecciones, con un elector hábil y dispuesto a votar. . . En una acusación que impute una conspiración para impedir que unos electores autorizados voten, no es necesario alegar los nombres de las personas a quienes, estando autorizadas para votar, se les iba a impedir hacerlo por los acusados. Pero una acusación que impute una conspiración para intimidar a determinado ciudadano de los Estados Unidos con el propósito de impedirle el libre ejercicio del derecho al voto debe alegar que el individuo a quien se intentaba intimidar estaba autorizado para votar." 20 C. J. 293, 294.

Y ello es así porque el derecho al voto es un derecho político o privilegio que sólo tienen los ciudadanos que reúnan las condiciones que fija el estatuto y cumplan con los requisitos que el mismo exija. Se puede ser trabajador y no tener derecho al voto.

En ninguna parte de la denuncia transcrita se alega que el trabajador Rufino Vega fuera un elector capacitado. Esto sería suficiente para revocar. Aunque ello es innecesario, parece conveniente agregar que tampoco se probó en el juicio.

Pero hay más. Para que se infrinja la ley se necesita no solamente que se coaccione en cualquier forma, se deje cesante o se disminuya su remuneración al trabajador autorizado para votar, si que ello se haga a fin de inducirle a que vote en cualquier elección legal de acuerdo con los deseos de la corporación o del oficial o agente que la represente, o que se intente en cualquier forma examinar el voto de tal trabajador, y aquí como dice el fiscal en su informe:

". . . Asumiendo que la prueba fuere suficiente para establecer la coacción de que habla dicho artículo, no se establece en forma alguna el propósito de la misma con relación al derecho de Rufino Vega

a votar libremente en las elecciones generales de 1940. A lo más que podría llegarse es a resolver que Rufino Vega fué dejado cesante de su trabajo por ser un progapandista político contrario a las tendencias políticas de su patrono; pero esto no es lo que castiga la referida ley, ya que lo que ella contempla es la protección del sufragio del trabajador y no de las tendencias propagandistas de éstos."

Así es en efecto. Respondiendo en el juicio a preguntas del fiscal el propio trabajador Rufino Vega, declaró:

"P.—¿Quién le suspendió el trabajo?—R. José Malavé.—P. José Malavé, ¿por qué lo suspendió?—R. Bueno, la tarde esa que yo fuí a cobrar.—P. ¿Qué tarde?—R. El sábado 5 de octubre yo fuí a cobrar y él me llamó y me dijo: 'Vega, recibí una notita de la oficina donde se dice que Ud. lo que hace es haciendo propaganda popular en el trabajo' y entonces yo le dije: '¿Entonces no tengo trabajo para el sábado?' y se quedó callado la boca y me dijo: 'Tiene que ir a la oficina' y yo fuí el día 7 a la oficina, o sea, el lunes." Pág. 6, T. de la E.

.    .    .    .    .    .    .

"P.—¿Y Ud. habló con don Manolo Durán?—R. Sí, señor.—P. ¿Y qué le dijo?—R. Yo le dije entonces: 'Don Manolo, yo he venido aquí a ver por qué motivo se me ha suspendido del trabajo.'—Hon. Juez: P. Hable claro para poder entenderlo bien.—R. Yo le dije: 'Yo vine acá, don Manolo, a ver por qué se me había suspendido del trabajo' y él me dijo: 'Ud. es Rufino Vega?', y yo le dije que sí y me dijo: 'Yo he recibido una mala nota de Ud., que está haciendo propaganda en el trabajo.'—Hon. Fiscal: P. ¿Qué clase de propaganda?—R. Popular y entonces yo le dije que eso no era cierto, entonces él me dijo que el trabajo lo quería para los trabajadores, pero que a él le gustaría que estuvieran a favor de la casa." Pág. 7, T. de la E.

*Debe declararse con lugar el recurso, revocarse la sentencia apelada y dictarse otra absolviendo al acusado.*

El Juez Asociado Sr. Snyder no intervino.